UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| MARVIN NATHANIEL HAGLER | : CASE NO. A17-55302-JRS |
| GWEN NKHOLOMA | : |
| | : |
| DEBTORS | : |

### CHAPTER 13 TRUSTEE'S OBJECTION TO
### CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtors' payments under the proposed plan are not current, thus indicating that this plan is not feasible.  11 U.S.C. 1325(a)(6).

2.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with 11 U.S.C. Section 1325(a)(4).

3.

The voluntary petition was filed in the name of Gwen Nkholoma; however, the individual filing bankruptcy is also known as Gwen Phiri Nkholoma and the petition fails to disclose this alias.

4.

Pursuant to information received from the meeting of creditors, it appears that the Chapter 13 petition no longer references the current mailing address of the Debtor-Wife.

5.

Pursuant to Debtors' 2016 tax return, Debtors expect a tax refund of $3,558.00.  This is projected disposable income that could be contributed to Debtors' plan for the benefit of creditors.  The Trustee requests that the Debtors turn said funds over to the Trustee to be distributed to creditors unless the Court orders otherwise.

6.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments for Debtors' first and second mortgages in order to determine feasibility of the proposed plan pursuant to 11 U.S.C. 1325(a)(6).

7.

The Trustee requests proof of the fair market value of the Debtors' real property such as a statement of comparable sales or an appraisal in order to determine the accuracy and veracity of the plan and/or schedules.  11 U.S.C. Sections 521(1), 1325(a)(3) and 1325(b)(1)(B).

8.

The Chapter 13 Trustee requests proof of the post-petition homeowner's association payments or monthly savings for the payment in order to determine feasibility of the proposed plan pursuant to 11 U.S.C. 1325(a)(6).

9.

The Trustee requests proof of all 401K loans and their end dates; proof of the $701.00 per month utility expense; and proof of the $400.00 per month transportation expense in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

10.

Schedule A fails to correctly reference that real estate which is the subject of this Chapter 13 estate is owned jointly.

11.

The Chapter 13 Schedules fail to include and notice a debt owed for Debtors' homeowner's association in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. 342.

12.

Schedule J fails to include expenses for homeowner's association dues and Aaron's lease payments, thereby rendering the proposed Chapter 13 plan payment to be infeasible in violation of 11 U.S.C. Section 1325(a)(6).

13.

The Chapter 13 schedules fail to include complete employment information for Debtor-Husband, thereby preventing the Trustee from evaluating the feasibility of the Chapter 13 plan in violation of 11 U.S.C. Section 1325(a)(6).

14.

The Chapter 13 budget reflects a total monthly household expense of $4,417.00, an amount that may be excessive and unnecessary for the maintenance or support of the Debtors or Debtors' dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

15.

Schedule G fails to reflect the Debtors' executory contract with Aaron's.  11 U.S.C. Section 521.

16.

The Chapter 13 plan fails to provide for the assumption or rejection of the executory contract with Aaron's in violation of 11 U.S.C. Section 365(b)(1)(C).

17.

The Chapter 13 plan fails to provide for the contribution to the plan, the $127.00 per month lease expense upon expiration, thereby possibly indicating a lack of good faith in proposing this repayment plan. 11 U.S.C. Section 1325(a)(3).

18.

The Chapter 13 petition and schedules fail to disclose two (2) more checking accounts, in violation of 11 U.S.C. Section 521.

19.

The Chapter 13 schedules fail to reflect the Debtor-Husband's bonus income and fails to correctly reflect Debtor-Husband's tax withholding amounts, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. 1325(b)(1)(B).

20.

The Chapter 13 Trustee requests proof of the expense for taxes in the amount of $1,155.94 on line 16 and the expense for cure payments for all creditors in the amount of $524.70 on line 34 of the Official Form 122C-2.  11 U.S.C. Section 1325(b)(2) and 11 U.S.C. Section 1325(b)(3).

21.

Official Form 122C-2 reflects an amount for line items 36 and 41 that appear to be incorrect.  11 U.S.C. Section 1325(b)(2) and 11 U.S.C. Section 1325(b)(3).

22.

The Chapter 13 plan fails to provide for the correct increase in payments when the Debtors' retirement loan of $96.96 ends in, thereby indicating a lack of good faith in possible violation of 11 U.S.C. Section 1325(a)(3).

23.

The plan fails to correctly treat Ditech and Okinus in violation of 11 U.S.C. Sections 1322(a) and/or 1325(a)(5).

24.

The Chapter 13 plan provides for a set payment to Okinus and Credda Capital LLC of less than $15.00 per month.  Pursuant to Rule 3010 the Chapter 13 Trustee will not disburse payments less than $15.00.

25.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.  The total amount to be paid to the Debtors' attorney is unclear due to paragraph 2 on the Disclosure of Compensation of Attorney for Debtor.

26.

The plan proposes for the Trustee to disburse attorney fees; however, the Trustee is unable to administer the provision as it is currently written. Specifically, the reference to paragraph 6 of the Rule 2016(b) disclosure statement regarding non-base fees is incorrect as paragraph 6 found on the Rule 2016(b) disclosure statement in this case reflects "In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:".

27.

The Chapter 13 plan proposes to pay $4,200.00 to the Debtors' attorney for payment of attorney fees.  Due to the apparent lack of complexity of the case, the Trustee is unable to determine whether this is a reasonable fee and would request that Debtors' counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

28.

The Trustee cannot administer the proposed post-confirmation increase in creditor set payments because the proposed increase date will occur before the attorney fees are paid in full and thus the sum of the monthly set payments will exceed the proposed plan payment.

29.

The plan fails to treat the priority claim of Internal Revenue Service and the secured claim for Debtors' homeowner's association in violation of 11 U.S.C. Section(s) 1322(a) and/or 11 U.S.C. Section 502(a).

30.

Debtors are proposing to value and strip a second priority lien on their primary residence. This treatment is in direct violation of 11 U.S.C. Section 1322(b)(2), case law established by In re Dewsnup and further raises concerns of good faith pursuant to 11 U.S.C. Section 1325(a)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtors' plan, and to dismiss the case.

Respectfully submitted,

/s/

Julie M. Anania,
Attorney for Chapter 13 Trustee
*/mam*  GA Bar No. 477064
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
Marvin Nathaniel Hagler
2156 Burns View Lane
Lawrenceville, GA 30044

Gwen Nkholoma
2156 Burnsfield
Lawrenceville, GA 30044

**Office of the U.S. Trustee:**
Attn: Jeneane Treace
Attn: David Weidenbaum
75 Ted Turner Drive, S.W.
Suite 362
Atlanta, GA 3030

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case through the Court's Electronic Case Filing system.

**Attorney for the Debtor(s):**
THE SEMRAD LAW FIRM, LLC
rjsatlcourtdocs@gmail.com

This the 4th day of May, 2017.

/s/_____
Julie Anania,
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201